# Exhibit A
## (State Court Filings)

ELECTRONICALLY FILED - 2018 Mar 16 1:56 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001510

| | |
|---|---|
| STATE OF SOUTH OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | FIFTH JUDICIAL CIRCUIT |
| ) | |
| John Cornish, ) | C.A. No.: _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **SUMMONS** |
| ) | |
| Virtuoso Sourcing Group, LLC ) | *Jury Trial Requested* |
| ) | |
| Defendant. ) | |
| ) | |

TO: DEFENDANT, ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said complaint upon the subscriber, at his office at 505 Pettigru Street, Greenville, SC 29601, within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

Respectfully submitted,

NORSWORTHY LAW, LTD. CO.

**/s/ Kenneth E. Norsworthy, Jr.**
Kenneth E. Norsworthy, Jr., SC Bar No. 101823
505 Pettigru Street
Greenville, SC 29601
(864) 804-0581
kenorsworthy@me.com

March 1, 2018

| | |
|---|---|
| STATE OF SOUTH OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | FIFTH JUDICIAL CIRCUIT |
| ) | |
| John Cornish, ) | |
| ) | C.A. No.: _____ |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **COMPLAINT** |
| Virtuoso Sourcing Group, LLC ) | |
| ) | *Jury Trial Requested* |
| Defendant. ) | |

Plaintiff, brings this complaint by and through his undersigned counsel against the above-named Defendant based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff which are based upon Plaintiff's personal knowledge, and shows this Court as follows:

## INTRODUCTION

1. This action arises out of Defendant's illegal collection conduct and telephone harassment of the Plaintiff whereby Defendant willfully violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et. seq.*, the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code § 39-5-20, and South Carolina law.

## PARTIES & JURISDICTION

2. Plaintiff John Cornish is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, a citizen of, and residing in, Richland County, in the State of South Carolina.

ELECTRONICALLY FILED - 2018 Mar 16 1:56 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001510

ELECTRONICALLY FILED - 2018 Mar 16 1:56 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001510

3. Defendant, Virtuoso Sourcing Group, LLC is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Maricopa County, in the state of Colorado; despite Defendant's regular business in the State of South Carolina, upon information and belief, Defendant is not registered with the Secretary of State of South Carolina.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

6. The most substantial part of the alleged acts and omissions giving rise to the causes of action took place and occurred in Richland County, South Carolina.

7. Jurisdiction and venue are proper in this Court pursuant to S.C. Code Ann. 36-2-803(A), (1), (2), (3), (4) and (7).

## FACTUAL BACKGROUND

8. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

9. Sometime before October 9, 2017, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

10. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

11. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

12. Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff, and placing collection calls to Plaintiff prior to October 9, 2017; seeking and demanding payment for an alleged consumer debt owed under an account number.

13. Within one year prior to the filing of this complaint, Defendant called Plaintiff on his cellular telephone number ending in XXX-XXX-7326, seeking and demanding payment for an alleged debt, after he already told it to stop calling him. These calls by Defendant were "communications", as defined by 15 U.S.C. § 1692a(2), and they were in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692c(a)(1), §1692d, and §1692f.

14. On several occasions Plaintiff answered the phone calls from Defendant but was unable to speak with a live person - only an automated telephone system.

15. The volume of repeated phone calls to Plaintiff distracted him from his work and robbed him of invaluable time with his family.

ELECTRONICALLY FILED - 2018 Mar 16 1:56 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001510

16. Plaintiff has asked Defendant to stop calling his cell phone and thereby revoked any consent to receive such calls on his cell phone.

17. Despite Plaintiff's requests and revocation of consent to receive such calls, Defendant continues to call Plaintiff's cell phone using automated telephone dialing technology and leave artificial, prerecorded voice messages subject to TCPA restrictions.

18. Defendant intentionally took these actions and made such statements to Plaintiff knowing that such actions would cause Plaintiff angst, grief, unhappiness, and distress and thereby Defendant's efforts to collect the alleged debt were intentionally designed to bully and harass him into making payment.

19. Defendant intended to harass Plaintiff by contacting Plaintiff regarding the alleged debt after Plaintiff revoked Defendant's calls.

20. In a November 6, 1992 Staff Opinion Letter from the Federal Trade Commission, the agency Congress charged with the authority to enforce the Fair Debt Collection Practices Act, the FTC stated the purpose of § 1692c(b) of the FDCPA was to "prevent unscrupulous debt collectors from embarrassing consumers and invading their privacy by revealing the existence of their debt to friends, neighbors or other third parties."

21. Defendant's conduct not only violated the law but was intended to, and did disrupt Plaintiff's privacy and solitude, harmed his reputation, and caused Plaintiff severe anxiety, emotional distress, and embarrassment.

### FIRST CAUSE OF ACTION
### Fair Debt Collection Practices Act Violation

22. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. In the course of Defendant's efforts to collect debts allegedly owed to third parties, Defendant regularly issues alleged debtors correspondence via U.S. Mail and/or email and regularly initiates contact with alleged debtors via telephone.

24. At all relevant times, Plaintiff was a "consumer" as defined pursuant to FDCPA 15 U.S.C. § 1692a(3).

25. At all relevant times, Defendant acted as a "debt collector" as that term is defined by FDCPA 15 U.S.C. § 1692a(6).

26. Defendant violated the FDCPA by harassing Plaintiff by repeatedly and incessantly contacting Plaintiff regarding the alleged debt, despite Plaintiff demanding the calls cease.

27. Defendant's acts and omissions constitute multiple violations of the FDCPA including, but not limited to, the following code sections:

   a. Defendant's phone calls, statements and actions go beyond the scope of and thereby violate § 1692(b);

   b. Defendant violated § 1692(d) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt;

   c. Defendant violated § 1692(e) by using false, deceptive, or misleading representations or means in connection with the collection of the alleged debt;

   d. Defendant violated § 1692e(5) by threatening to take action that Defendants never intend to take and/or Defendants cannot legally take against Plaintiff;

   e. Defendant violated § 1692e(10) by using false representation or deceptive means in connection with the collection of the alleged debt; and

ELECTRONICALLY FILED - 2018 Mar 16 1:56 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001510

f.  Defendant violated § 1692(f) by using unfair or unconscionable means in connection with the collection of an alleged debt.

28. Defendant's acts and omissions were intentionally done with the purpose of coercing Plaintiff to make payment towards the alleged debt.

29. Plaintiff should be granted judgment against Defendant for actual damages pursuant to 15 U.S.C § 1692k(a)(1), statutory damages pursuant to 15 U.S.C § 1692(a)(2)(A), costs and attorney fees pursuant to 15 U.S.C § 1692k(a)(3), and such other relief as is just and proper.

## SECOND CAUSE OF ACTION
### TCPA Violation

30. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Upon information and belief, each of the telephone calls to Plaintiff from Defendant were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator, and the capacity to dial numbers pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A).

32. Each call Defendant placed to Plaintiff's cell phone was done so without Plaintiff's express consent and in violation of the TCPA § 227(b)(1)(A)(iii).

33. Plaintiff revoked any consent to Defendant's calls to his cell phone and yet Defendant continued to call his cell phone after his revocation.

34. Not one of Defendant's calls to Plaintiff's cell phone was for emergency purposes.

35. Plaintiff is informed and believes that Defendant knowingly and willfully committed the

ELECTRONICALLY FILED - 2018 Mar 16 1:56 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001510

above violations of the TCPA multiple times.

36. Plaintiff is entitled to statutory damages of $500.00 per violation pursuant to the TCPA § 227(b)(3)(B).

37. Plaintiff is informed and believes that he is entitled to recover $1,500 per violation of the TCPA plus such other damages, penalties, costs and attorney fees pursuant to the TCPA § 227(b)(3).

38. Plaintiff is further entitled to, and requests, injunctive relief requiring Defendant to cease and desist any future calling activity and to award a penalty in the amount of $1,500 per TCPA violation, plus fees, costs, and such other relief as is just and proper.

### THIRD CAUSE OF ACTION
### South Carolina Unfair Trade Practices Act Violation

39. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendant's conduct constitutes "trade" or "commerce" as defined by the SCUTPA § 39-5-10(b).

41. The intentional conduct by Defendant constitutes unfair and deceptive practice in the conduct of trade or commerce as prohibited by the SCUTPA and thereby Defendant willfully committed violations of the SCUTPA.

42. The acts and omissions by Defendant have substantial potential for repetition that necessarily affects the public interest of the citizens of South Carolina.

43. Upon information and belief, the acts and omissions by Defendant described in this complaint have been repeated and there are numerous other lawsuits pending against Defendant

ELECTRONICALLY FILED - 2018 Mar 16 1:56 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001510

ELECTRONICALLY FILED - 2018 Mar 16 1:56 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001510

alleging similar violations.

44. As a direct and proximate result, Plaintiff suffered an ascertainable loss due to the unlawful actions by Defendant and Plaintiff is entitled to recover actual damages in an amount to be determined at trial, treble said damages, and an award of attorney fees and costs.

## FOURTH CAUSE OF ACTION
### Negligence

45. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant owed Plaintiff and the public a duty of care to communicate truthful information.

47. The conduct of Defendant breached this duty of care to communicate truthful information when Defendant threatened actions against Plaintiff for which Defendant did not, in fact, intend to act upon.

48. Defendant owed Plaintiff a duty of care to not violate Plaintiff's privacy by perpetually and incessantly calling Plaintiff's cell phone at inappropriate times.

49. The conduct of Defendant breached this duty of care to not violate Plaintiff's privacy.

50. Defendant's breach of such duties of care to Plaintiff was thereby negligent, grossly negligent, wanton and reckless and proximately caused Plaintiff damages including, but not limited to, humiliation, embarrassment and emotional distress.

51. As a direct and proximate result of Defendant's negligence and/or gross negligence, Plaintiff is entitled to recover actual, consequential, and punitive damages to be determined by a jury at trial.

## FIFTH CAUSE OF ACTION
### Invasion of Privacy

52. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Plaintiff had a right and an expectation to privacy regarding his personal finances.

54. The status of Plaintiff's finances is private and of no legitimate concern to the public. Defendant invaded Plaintiff's privacy through the wrongful intrusion into Plaintiff's private activities.

55. The conduct of Defendant was committed in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

56. Defendants' intrusion was substantial and unreasonable.

57. Defendants' intrusion was intentional.

58. As a direct and proximate result of the foregoing, Plaintiff is damaged, and Plaintiff is entitled to recover actual, consequential, and punitive damages to be determined by a jury at trial.

## SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

59. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The conduct of Defendant was intended to inflict emotional distress on Plaintiff, and Defendant knew or should have known that emotional distress was likely to be the result of its conduct.

61. The conduct of Defendant was extreme and outrageous, beyond all possible bounds of decency, and was utterly intolerable in a civilized community.

ELECTRONICALLY FILED - 2018 Mar 16 1:56 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001510

ELECTRONICALLY FILED - 2018 Mar 16 1:56 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001510

62. Defendant's tactics against Plaintiff could only be intentional bullying and harassment as an implied threat that if Plaintiff did not make timely payment, Defendant would continue to harass him. Such conduct is unconscionable, extreme and outrageous.

63. As a direct result of the conduct by Defendant, Plaintiff suffered severe emotional distress, anxiety and depression.

64. Consequently and pursuant to South Carolina law, Plaintiff is entitled to recover actual, consequential, and punitive damages to be determined by a jury at trial.

## DEMAND FOR JURY TRIAL

65. Please take notice that, pursuant to the U.S. Constitution Amendment 7 and Fed. R. Civ. P. 38, Plaintiff demands trial by jury in this action on all his causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this honorable Court to enter judgment against Defendant for the following:

a. declaratory judgment that the conduct of Defendant violated the FDCPA, statutory damages pursuant to 15 U.S.C § 1692(a)(2)(A), costs and attorney fees pursuant to 15 U.S.C § 1692k(a)(3), and actual damages pursuant to 15 U.S.C § 1692k(a)(1);

b. declaratory judgment that the conduct of Defendant violated the TCPA, an award of $1,500 per violation of the TCPA plus such other damages, penalties, costs and attorney fees pursuant to the TCPA § 227(b)(3), or in the alternative, an award of statutory damages of $500.00 per violation plus such other damages, penalties, costs and attorney fees pursuant to the TCPA § 227(b)(3), and an injunction prohibiting Defendant from contacting Plaintiff on his cell phone using an automated telephone dialing system;

c. declaratory judgment that the conduct of Defendant violated the SCUTPA, an award of actual damages in an amount to be determined at trial, treble damages for willfully and knowingly violating the SCUTPA, and attorney fees and costs pursuant to § 39-5-140;

d. declaratory judgment that the conduct of Defendant was negligent and/or grossly, wanton and reckless, in violation of South Carolina law, and as a direct and proximate result of Defendants' negligence and/or gross negligence, an award of actual, consequential, and punitive damages in an amount to be determined by a jury at trial;

e. declaratory judgment that the conduct of Defendant violated South Carolina law as an invasion of privacy, and as a direct and proximate result of Defendants' conduct, an award of actual, consequential, and punitive damages in an amount to be determined by a jury at trial;

f. declaratory judgment that the conduct of Defendant violated South Carolina law as an intentional infliction of emotional distress, and as a direct and proximate result of Defendants' conduct, an award of actual, consequential, and punitive damages in an amount to be determined by a jury at trial; and

g. an award for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

NORSWORTHY LAW, LTD. CO.

**/s/ Kenneth E. Norsworthy, Jr.**
Kenneth E. Norsworthy, Jr., SC Bar No. 101823
505 Pettigru Street
Greenville, SC 29601
(864) 804-0581
kenorsworthy@me.com

Greenville, South Carolina
March 1, 2018

ELECTRONICALLY FILED - 2018 Mar 16 1:56 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001510

| | |
|---|---|
| STATE OF SOUTH OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | FIFTH JUDICIAL CIRCUIT |
| John Cornish, ) | C.A. No.: 2018-CP-400-1510 |
| Plaintiff, ) | |
| vs. ) | **CERTIFICATE OF SERVICE** |
| Virtuoso Sourcing Group, LLC, ) | |
| Defendant. ) | |

The undersigned hereby certifies that a copy of Plaintiff's **SUMMONS** and **COMPLAINT** has been duly served upon the registered agent for Defendant on April 9, 2018, via certified mail and addressed as follows:

Irvin A. Borenstein
Registered Agent for
Virtuoso Sourcing Group, LLC
7200 South Alton Way, Suite B180
Centennial, CO 80112


_____
Kenneth E. Norsworthy, Jr.

April 9, 2018